UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTONIO LAWAN BRINTLEY,

    Plaintiff,                          Civil Action No. 05-74921-DT
v.                                       HONORABLE VICTORIA A. ROBERTS
                                        UNITED STATES DISTRICT COURT
CATHY McCONNELL, et. al.,

    Defendants,
_____/

**OPINION AND ORDER OF SUMMARY DISMISSAL**

### I. Introduction

Before the Court is Plaintiff Antonio Lawan Brintley's *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff is a state prisoner currently confined at the Southern Michigan Correctional Facility in Jackson, Michigan. For the reasons stated below, the complaint is **DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

### II. Standard of Review

Plaintiff has been allowed to proceed without prepayment of fees. See 28 § U.S.C. 1915(a); *McGore v. Wrigglesworth,* 114 F. 3d 601, 604 (6th Cir. 1997). However, 28 U.S.C. § 1915(e)(2)(B) states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that:
> (B) the action or appeal:
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). *Sua sponte* dismissal is appropriate if the complaint lacks an arguable basis when filed. *McGore,* 114 F. 3d at 612; *Goodell v. Anthony,* 157 F. Supp. 2d 796, 799 (E.D. Mich. 2001).

A *pro se* litigant's complaint is to be construed liberally, *Middleton v. McGinnis*, 860 F. Supp. 391, 392 (E.D. Mich. 1994)(citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); that is, such complaints are held to a "less stringent standard" than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Such complaints, however, must plead facts sufficient to show a legal wrong has been committed from which plaintiff may be granted relief. Fed.R.Civ.P. 12(b); *Dekoven v. Bell,* 140 F. Supp. 2d 748, 755 (E.D. Mich. 2001).

To establish a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff must establish that: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F. 3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F. 3d 530, 532 (6th Cir. 2001).

### III. Complaint

Plaintiff alleges that the defendants violated Michigan Department of Corrections' (M.D.O.C.) Policy Directive 03.04.108 by disclosing his confidential medical information to an outside food service provider without Plaintiff's authorization. Plaintiff alleges that his right to privacy has been violated.

### IV. Discussion

The Sixth Circuit has held that the federal constitution "[d]oes not encompass a general right to nondisclosure of private information." *J.P. v. DeSanti*, 653 F. 2d 1080, 1090 (6th Cir. 1981). Thus, "[O]nly when 'fundamental' rights are implicated does a privacy concern take on constitutional dimensions." *Jarvis v. Wellman*, 52 F. 3d 125, 126 (6th Cir. 1995). In *Jarvis*, the Sixth Circuit, relying on *DeSanti*, held that the disclosure of a non-inmate's confidential medical records did not violate a constitutional right. *Id.* The Sixth Circuit has likewise held that an inmate's right to privacy claim based on the disclosure of his H.I.V. status by prison officials was foreclosed by *DeSanti. See Doe v. Wigginton,* 21 F. 3d 733, 740 (6th Cir. 1994). Other courts have rejected similar claims. *See e.g. Coleman v. Martin,* 63 Fed. Appx. 791, 792 (6th Cir. 2003)(dissemination of prisoner's mental health records to parole board does not state a claim for relief under § 1983); *Reeves v. Engelsgjerd,* 2005 WL 3534096, * 4 (E.D. Mich. December 23, 2005)(doctor did not violate prisoner's constitutional rights by discussing his medical condition with non-medical staff and in front of other inmates). Because the disclosure of Plaintiff's confidential medical information did not violate the federal constitution, he has failed to state a claim upon which § 1983 relief can be granted.

## V. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's complaint is **DISMISSED WITH PREJUDICE FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED,** pursuant to 28 U.S.C. § 1915A(e)(2) and 28 U.S.C. § 1915(A).

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: January 26, 2006

> The undersigned certifies that a copy of this document was served on the attorneys of record and pro se plaintiff by electronic means or U.S. Mail on January 26, 2006.
>
> s/Carol A. Pinegar
> Deputy Clerk